IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

TRACIE HARDY,

    Plaintiff,

v.                                                               Case No. 2:20-cv-02409-MSN-cgc

XANITOS, INC.,

    Defendant.

_____

**ORDER ADOPTING REPORT AND RECOMMENDATION**
_____

       This cause comes before the Court on the Magistrate Judge's Report and Recommendation, (ECF No. 8), issued on January 19, 2021. The Magistrate Judge's Report recommends that Plaintiff's action be dismissed for failure to state a claim. (*Id.* at PageID 17.) To date, Plaintiff has not filed any objections and the time to do so has passed. (*Id.* at PageID 18) (stating that any objections must be filed within fourteen (14) after service). Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.

       Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 Fed. Appx. 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a

1

*de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

The deadline to object to the Report has passed. The Court has reviewed the Report for clear error and finds none. Therefore, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES THIS MATTER WITH PREJUDICE**.

**IT IS SO ORDERED**, this 16th day of March, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE